**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4100-17T1

NEW JERSEY DIVISON
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

T.H.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF L.M.,

     a Minor.

_____

        Submitted April 9, 2019 – Decided May 7, 2019

        Before Judges Yannotti and Gilson.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FG-15-0023-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Lora D. Glick, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Constance M. Tous, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Joseph H. Ruiz, Designated Counsel, on the brief).

PER CURIAM

T.H. (Tara) appeals from an April 27, 2018 judgment terminating her parental rights to her minor son, L.M. (Lee), and granting the Division of Child Protection and Permanency (Division) guardianship of the child, with the plan that the child be adopted by his parental grandmother.[1] Tara argues that the Division failed to prove the four prongs of the best-interests test necessary for termination of parental rights. N.J.S.A. 30:4C-15.1(a). The Division and the child's Law Guardian urge that we affirm the judgment and allow the adoption to proceed. Having reviewed the record in light of the parties' contentions and the applicable law, we affirm substantially for the reasons explained by Judge

---

[1] We use initials and fictitious names for the parents and child to protect their privacy and the confidentiality of the record. See R. 1:38-3(d)(12).

Robert E. Brenner in his thorough, twenty-three-page written opinion issued on April 27, 2018.

The facts and evidence were detailed in Judge Brenner's opinion, which he rendered after a trial. Accordingly, we need only summarize some of the facts. Tara and D.M. (Derrick) are the biological parents of Lee, who was born in June 2016. Derrick passed away in June 2017, and, therefore, was not a subject of the judgment terminating parental rights.

Tara has a history of issues involving mental health, substance abuse, and domestic violence. When Lee was born, he suffered from rapid and unstable breathing and neo-natal withdrawal symptoms from medications Tara had used during the pregnancy. Tara reported to the hospital that she had been diagnosed with bipolar disorder and schizoaffective disorder, she was under the care of a psychiatrist, and she had used prescribed medications.

In October 2016, when Lee was four months old, the Division removed him from the custody of Tara and Derrick because the parents had been involved in domestic violence and both of them were abusing substances.

Thereafter, Tara was provided with a number of services, but she continued to have mental health and substance abuse problems. In that regard, in December 2016 and October 2017, Tara was hospitalized for attempted

3

suicide. From 2016 through 2018, Tara also repeatedly tested positive for use of non-prescribed drugs and alcohol. In addition, she was hospitalized several times because she overdosed on her prescription medications.

Tara also continued to place herself in situations where she was exposed to and engaged in domestic violence. On five occasions between January 2017 and August 2017, Tara was arrested and charged with assault, harassment, or terroristic threats primarily related to domestic violence incidents. A restraining order was entered against her in 2017, and she was repeatedly charged with violating that restraining order in late 2017 and early 2018.

The guardianship trial was conducted on April 19, 2018. At trial, the Division called three witnesses: two Division workers and an expert, Dr. David R. Brandwein. The Division also submitted into evidence numerous documents. The two Division workers testified concerning the Division's history with Tara and the various services that had been provided to Tara.

Dr. Brandwein, a licensed clinical and forensic psychologist, testified regarding the two psychological evaluations he conducted on Tara and a bonding evaluation. Dr. Brandwein reviewed Tara's history of mental health problems and her substance abuse problems. The doctor also reviewed some of the services that had been provided to Tara. The doctor considered how Tara failed

to complete many of those services, continued to abuse substances, and failed to stay consistently stable. Ultimately, Dr. Brandwein opined that Tara could not provide a stable long-term parental relationship for Lee and that she would be unlikely to be able to provide appropriate care in the foreseeable future.

In his written opinion, Judge Brenner found that all three of the Division's witnesses were credible. He pointed out that Tara had elected not to testify and that she had not called any witnesses. Judge Brenner then made detailed findings of facts, reviewed the applicable law, and made conclusions of law based on the facts he found.

With regard to prong one, Judge Brenner found by clear and convincing evidence that Tara posed a risk to Lee's safety, health, and development because she could not provide a stable and appropriate environment for Lee. In that regard, the judge found that the Division had provided Tara with numerous services to address her mental health concerns, substance abuse, and other problems. The court went on to find that despite those services, Tara continued to have mental health problems and continued to abuse substances.

Concerning prong two, Judge Brenner found by clear and convincing evidence that Tara was unable to eliminate the harm facing the child and that further delay in a permanent placement for the child would cause greater harm

A-4100-17T1

to the child. For example, Judge Brenner detailed Tara's history of psychiatric problems and her inability to obtain stability.

Turning to prong three, Judge Brenner found clear and convincing evidence that the Division had made reasonable efforts to place the child with appropriate caregivers. Judge Brenner also found that the Division had made "significant" efforts to provide Tara with services, including substance abuse evaluations, referrals to treatment, psychological evaluations, counseling, parenting classes, and medication management.

Finally, with regard to prong four, Judge Brenner found clear and convincing evidence that termination of Tara's parental rights would not do more harm than good. In making that finding, the judge relied on the unrebutted testimony of Dr. Brandwein, and noted that the doctor's testimony was supported by his two psychological evaluations of Tara and his bonding evaluation of Lee and his current caregivers.

On this appeal, Tara argues that the trial court erred in finding each of the four prongs under the best-interests test. In particular, she contends that the Division did not do enough to address her mental health and substance abuse issues and did not appropriately tailor the services to meet her needs. She also argues that the Division did not obtain and use her psychiatric records and did

6

not update her diagnosis. Thus, she asserts that the Division's evidence was speculative and unreliable. We disagree.

A review of the record establishes that each of the court's findings concerning the four prongs is supported by substantial credible evidence. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). Moreover, Judge Brenner correctly summarized the law and correctly applied his factual findings to the law. N.J. Div. of Child Prot. & Permanency v. P.O., 456 N.J. Super. 399, 407 (App. Div. 2018). Indeed, our Supreme Court has recently noted: "In a termination of parental rights trial, the evidence often takes the form of expert opinion testimony by psychiatrists, psychologists, and other mental health professionals." N.J. Div. of Child Prot. & Permanency v. R.L.M., 236 N.J. 123, 146 (2018). Here, Judge Brenner appropriately relied, in part, on the unrebutted testimony of Dr. Brandwein, who had conducted a number of evaluations and had a factual basis for his opinions. Judge Brenner also found that the other evidence supported and corroborated Dr. Brandwein's testimony.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION